IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-16266 |
| Earl G. Teets, Jr., | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Hearing Date:  September 29, 2015 |
| Debtor. | ) | Hearing Time:  9:30 a.m. |

**Notice of First and Final Application for Allowance and Payment of Compensation to
Baldi Berg, Ltd., Attorneys for Interim Trustee**

TO:     See Attached Service List

PLEASE TAKE NOTICE that on Tuesday, September 29, 2015 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Donald R. Cassling, or any bankruptcy judge sitting in his stead in Courtroom 619 of the United States Courthouse, 219 S. Dearborn St., Chicago, Illinois, and then and there present, the **First and Final Application for Allowance and Payment of Compensation to Baldi Berg, Ltd., Attorneys for Interim Trustee**, a true and correct copy of which is attached hereto and hereby served upon you.

_/s/  Elizabeth C. Berg, Trustee_

**Certificate of Service**

I, Elizabeth C. Berg, hereby certify that on September 3, 2015, I caused a true and correct copy of the foregoing notice of motion, the motion identified therein (including all exhibits) and a proposed order to be served on the persons on the attached service list at their respective addresses via CM/ECF electronic mail or first class mail, as noted on the service list.

_/s/  Elizabeth C. Berg, Trustee_

Elizabeth C. Berg
Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois  60602
(312) 726-8150

*Service List*
**Earl G. Teets, Jr., debtor**
**Case No. 15-16266**

**Served Electronically Via CM/ECF**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

David J. Schwab
*Debtor's Counsel*
djschwab@rss-chtd.com

Joel H. Norton
jnorton@rss-chtd.com

FirstMerit Bank, N.A.
c/o William Factor
wfactor@wfactorlaw.com

FirstMerit Bank, N.A.
c/o David P. Holtkamp
dholtkamp@wfactorlaw.com

FirstMerit Bank, N.A.
c/o Sara E. Lorber
slorber@wfactorlaw.com

Anthony J. Sassan
asassan@zrfmlaw.com

St. Charles Bank & Trust Co.
c/o Patrick M Kinnally
Kinnally Flaherty Krentz & Loran
pkinally@kfklaw.com

Miriam R Stein
*Trustee*
mstein@chuhak.com

Joseph E Cohen
Cohen & Krol
*Attorney for Trustee*
jcohen@cohenandkrol.com

**Served by 1ˢᵗ Class United States Mail**

Earl G. Teets, Jr.
*Debtor*
10 N. 371 Burlington Road
Hampshire, IL  60140

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Earl G. Teets, Jr., | ) | Case No. 15-16266 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | Hearing Date: September 29, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**First and Final Application for Allowance and Payment
of Compensation to Baldi Berg, Ltd., Attorneys for Interim Trustee**

Baldi Berg, Ltd., ("Baldi Berg" or "BB") attorneys for Elizabeth C. Berg, as interim trustee ("Interim Trustee") of the estate ("Estate") of Earl G. Teets, Jr., debtor ("Debtor"), pursuant to section 330 of title 11, United States Code ("Code"), requests this Court to enter an order for the allowance and payment to BB of $6,835.00 as final compensation for 15.30 hours of legal services rendered to the Interim Trustee from May 7, 2015 through June 1, 2015.  In support thereof, BB respectfully states as follows:

**Introduction**

1.     The Debtor commenced this case on May 7, 2015 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.     Elizabeth C. Berg was appointed as the interim chapter 7 trustee of the Debtor's case.

3.     At the Debtor's initial section 341 meeting of creditors held on June 1, 2015, an election was requested and conducted wherein Miriam Stein was elected chapter 7 trustee ("Trustee") of the Debtor's Estate.  The United States Trustee presided over the election which was undisputed.  Thereafter, on or about June 2, 2015, Ms. Stein notified the Court of her acceptance of the appointment as Trustee in this case and the service of Ms. Berg as Interim Trustee was terminated in accordance with 11 U.S.C. §701(b).

**Background**

4.      As of the commencement of this case, Debtor was one of several defendants named in a lawsuit filed by First Merit Bank ("Bank") that was pending before the Hon. Judge Milton Shadur in the United States District Court for the Northern District of Illinois and styled _1st Merit Bank, N.A. v. Earl Teets, Jr., et al._, Case No. 15-CV-01573 ("Lawsuit").  The Lawsuit seeks, among other things, a declaratory judgment as to the ownership of certain lottery winnings and the avoidance of multiple transfers of property, including cash, stocks and real estate.

5.      On April 24, 2015, the Bank filed a motion in the District Court requesting entry of a temporary restraining order and preliminary injunction ("Injunction Motion") against the Debtor and remaining defendants in the Lawsuit.  A hearing on the Injunction Motion was scheduled for the morning of May 7, 2015.  Approximately 15 minutes before the hearing on the Injunction Motion, Debtor filed his bankruptcy petition.  As a result, Judge Shadur continued the hearing on the Injunction Motion until later that afternoon so that Interim Trustee could attend and participate at the hearing.

6.      Shortly after the petition was filed, the Interim Trustee was contacted by counsel for the Bank and first informed of her appointment as interim trustee in the Bankruptcy Case and of the pending Lawsuit. Counsel for the Bank indicated that the hearing on the Injunction Motion had been continued until the afternoon of May 7, 2015 in order for the Interim Trustee to be present at the hearing.

7.      Following her appointment and initial investigation into the Lawsuit and Debtor's case, Interim Trustee believed that substantially all of the assets of the Estate consisted of the anticipated recoveries from the Lawsuit, which were estimated to be in the millions of dollars.

8.      Interim Trustee promptly sought representation from Baldi Berg in order to represent her at the continued hearing on the Injunction Motion and to protect the Estate's interest in the Lawsuit and the Estate's claims to the ownership of the lottery winnings, more specifically described below, and other potential recoverable transfers.

2

### Retention of Baldi Berg, Ltd.

9.      On May 15, 2015, this Court entered an ordered authorizing Interim Trustee to employ Elizabeth C. Berg and the law firm of Baldi Berg, Ltd. as her counsel in this case. A copy of the order authorizing Interim Trustee to retain BB is attached hereto as Exhibit A. BB served as counsel for Interim Trustee at all times from the Petition Date through June 1, 2015.

10.      The professional qualifications and experience of the BB attorneys and paralegals who have performed substantial legal services for the Trustee during the period covered by this Application are set forth in Exhibit B. The attorneys and paralegals who were responsible for representing the Trustee in this case are:

Elizabeth C. Berg – Partner
Joseph A. Baldi -- Partner

### Prior Compensation Received

11.      This is the first and final application ("Application") for allowance and payment of compensation that BB will file in this case.

### Services Rendered by BB

12.      Itemized and detailed descriptions of the specific services rendered by BB to the Interim Trustee for which compensation is sought in this Application are reflected on the billing statements attached hereto as Exhibit C. The billing statements set forth the name of each attorney the amount of time spent rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered.

13.      The services rendered by BB in this case involved representing the Interim Trustee in general case administration matters including, but not limited to, advising the Interim Trustee with respect to her duties and obligations under the Bankruptcy Code and representing the Interim Trustee to protect the Estate's claims in the Lawsuit. At the hearing held in the morning of the Petition Date for the Injunction Motion, the Bank's counsel advised Judge Shadur of the commencement of this bankruptcy case and Judge Shadur continued the hearing until later that day

3

in order to hear from the Interim Trustee.   Baldi Berg, as requested, immediately began representing the Interim Trustee in this case and the Lawsuit.   Baldi Berg reviewed and analyzed the complaint which initiated the Lawsuit and the pending Injunction Motion. BB discussed the background of the Lawsuit and the Debtor's financial affairs with the attorneys for both the Debtor and the Bank.   In 2012 and 2014, the Bank was awarded two judgments against the Debtor and certain other defendants including family members for over $11 million.   The Lawsuit was initiated by the Bank in its post-judgment proceedings alleging, among other things, transfers of assets by the Debtor and the other judgment debtors with the intent to defraud the Bank.   BB advised the Interim Trustee regarding Bank's 12-count Lawsuit and represented the Interim Trustee at the District Court's continued hearing on the Injunction Motion in the afternoon of the Petition Date. Baldi Berg advised the Interim Trustee regarding an appropriate resolution of the Injunction Motion, and, as requested, negotiated with the Bank and the other parties to the Lawsuit for a resolution of the Injunction Motion.   BB successfully negotiated an agreement with the Bank for a short term temporary restraining order for the period from the Petition Date through June 3, 2015 ("TRO") in order to provide the Interim Trustee with adequate time to review the Lawsuit and the Debtor's financial affairs.   Thereafter, Baldi Berg negotiated the terms of the TRO with the Bank's counsel. Baldi Berg researched and advised the Interim Trustee as to the merits of the claims asserted in the Lawsuit as well as the ability of the Bank to assert a valid lien(s) on fraudulent conveyance recoveries.   BB reviewed and analyzed documents regarding the alleged transfers and the Debtor's assets including the Teets Family Partnership.   The Teets Family Partnership was allegedly the assignee of the Debtor's $28 million lottery winnings from 1998 which were paid out over multiple years and had 3 remaining payments of approximately $880,000.00 each including one payment which was due to be paid on or about May 22, 2015.   As requested by the Interim Trustee, Baldi Berg conducted research and advised the Interim Trustee as to the Estate's interest in and the ability of the Debtor to assign the lottery winnings.   On May 14, 2015, the Bank filed a Motion for Relief from the Automatic Stay and Motion to Dismiss (collectively, the "Bank's Motions").   Baldi

4

Berg reviewed the Bank's Motions and advised the Interim Trustee regarding same.  Finally, Baldi

Berg, as requested represented the Interim Trustee at the Court hearing on the Bank's Motions.

## Compensation Requested

14.    In connection with the foregoing services described and summarized in paragraph 13

above, BB spent 15.30 hours for which it requests that compensation be allowed in the amount of

$6,835.00 as an administrative expense pursuant to Sections 330(a) and 503(b)(2) of the Code.

15.    All of the services performed by BB were required for proper representation of the

Trustee in this case, were authorized by this Court and were performed by BB at the request and

direction of the Interim Trustee.  Pursuant to Section 330 of the Code and the generally applicable

criteria with respect to the nature, extent and value of the services performed, all of BB's services

are compensable and the compensation requested herein is fair and reasonable.  There has been

no duplication of services rendered to the Interim Trustee by BB for which compensation is

requested.   In those instances where two attorneys participated in any matter, such joint

participation was necessary due to the complexity of the problems involved.

16.    The rates charged by the attorneys of BB in this Application are their usual and

customary hourly rates charged during the period covered by this Application for work performed for

other clients in both bankruptcy and non-bankruptcy matters.  A list of each person who performed

services for the Interim Trustee, his/her hourly rate and the time spent rendering services in this

case is set forth on the table below and is contained in the billing statements attached hereto as

Exhibit C.

| PROFESSIONAL | TITLE | RATES | HOURS | FEES |
|---|---|---|---|---|
| Joseph A. Baldi | Principal | $450.00 | 14.90 | $6,705.00 |
| Elizabeth C. Berg | Principal | $325.00 | 0.40 | $ 130.00 |
| **TOTALS** | | | **15.30** | **$6,835.00** |

17.    Baldi Berg respectfully submits to this Court that denial of the requested

compensation would have the effect of BB having provided valuable services and expertise on a

gratis basis to the Interim Trustee and would undermine the intent of §330 of the Bankruptcy Code.

5

*See, Matter of Baldwin United Corp.,* 36 B.R. 401 (Bankr. S.D. Ohio 1984); *In re Wilson Foods*

*Corp.,* 36 B.R. 317 (Bankr. W.D. Okla. 1984).

### Payment of Compensation

18.     BB has not entered into any agreement or understanding of any kind, express or

implied, with any other entity to share any compensation to be received by BB for services rendered

to the Interim Trustee in connection with this case.

19.     BB has not previously received or been promised any payments for services

rendered in this case.

20.     The Affidavit of Elizabeth C. Berg pursuant to Rule 2016 of the Federal Rules of

Bankruptcy Procedure is attached hereto as Exhibit D and made a part hereof.

21.     The proposed source for payment of any compensation allowed to BB pursuant to

this Application will be the Estate funds collected during the administration of this case.   BB

acknowledges that payment of any allowed compensation will only occur at such time as the

Trustee determines is appropriate and in the best interests of the Estate.

### Status of the Case

22.     Pursuant to this Court's order dated July 7, 2015, the Trustee retained substitute

counsel in this case.

23.     Upon the election of the Trustee and her retention of different counsel, Baldi Berg

transitioned its files to the Trustee.

### Notice to Creditors

24.     A copy of this Application was served upon the Trustee, the Bank, the Debtor, the

United States Trustee and all parties who filed an appearance in this case with the Clerk of

Bankruptcy Court.   Baldi Berg also served notice of hearing on this Application to the foregoing

parties and all of the Debtor's scheduled creditors in the form attached hereto as Exhibit E.

WHEREFORE, Baldi Berg, Ltd., attorneys for Elizabeth C. Berg, as interim trustee, requests

the entry of an order providing the following:

6

A.      Allowing to Baldi Berg, Ltd. final compensation in the amount of $6,835.00 for actual and necessary professional services rendered to the Interim Trustee from the Petition Date through June 1, 2015 as an administrative expense pursuant to Sections 330(a) and 503(b)(2) of the Bankruptcy Code;

B.      Authorizing the Trustee to pay the compensation awarded to BB from the funds collected in the case, without further order of Court and at such time as Trustee in her discretion determines is in the best interests of the estate; and

C.      For such other and further relief as this Court deems appropriate.

Dated:  September 3, 2015

Baldi Berg, Ltd.

Attorneys for Elizabeth C. Berg, as interim trustee of the estate of Earl G. Teets, Jr., debtor

By:_____/s/_____
        Elizabeth C. Berg

Elizabeth C. Berg/Atty ID 6200886
Baldi Berg, Ltd.
20 N. Clark St.   Suite 200
Chicago, IL  60602
312.726.8150

7

A. Allowing to Baldi Berg, Ltd. final compensation in the amount of $6,835.00 for actual and necessary professional services rendered to the InterimTrustee from the Petition Date through June 1, 2015 as an administrative expense pursuant to Sections 330(a) and 503(b)(2) of the Bankruptcy Code;

B. Authorizing the Trustee to pay the compensation awarded to BB from the funds collected in the case, without further order of Court and at such time as Trustee in her discretion determines is in the best interests of the estate; and

C. For such other and further relief as this Court deems appropriate.

Dated: September 3, 2015

Baldi Berg, Ltd.

Attorneys for Elizabeth C. Berg, as interim trustee of the estate of Earl G. Teets, Jr., debtor

By:____/s/______________________________
Elizabeth C. Berg

Elizabeth C. Berg/Atty ID 6200886
Baldi Berg, Ltd.
20 N. Clark St. Suite 200
Chicago, IL 60602
312.726.8150

**Baldi Berg, Ltd.**
**Final Fee Application**

**Earl G. Teets, Jr., Debtor**
**Case No. 15-16266**

Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á
Á

**Retention Order**

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-16266 |
| Earl G. Teets, Jr., | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Kane |
| Debtor(s) | ) | |

**Order Authorizing Trustee to Employ Attorneys**

THIS CAUSE comes before this Court on the Trustee's Application to Employ Elizabeth C. Berg, Joseph A. Baldi,  and the law firm of Baldi Berg, Ltd. as attorneys for Trustee and the supporting affidavit of Elizabeth C. Berg; and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that Elizabeth C. Berg, as trustee of the estate of Earl G. Teets, Jr., debtors, is authorized to employ Elizabeth C. Berg, Joseph A. Baldi, and the law firm of Baldi Berg, Ltd. to act as counsel for the Trustee, with compensation and reimbursement of expenses to be paid in such amounts as may be allowed by this Court, only upon further application.

Enter:     *Donald R. Cassling*

Honorable Donald R. Cassling

United States Bankruptcy Judge

Dated:  May 15, 2015

**Prepared by:**

Elizabeth C. Berg
Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, IL 60602
312.726.8150

**Professional Qualifications**

**Exhibit B**

## Baldi Berg, Ltd.

**Joseph A. Baldi**

Joseph Baldi is the founding member of the Chicago bankruptcy boutique firm of Baldi Berg, Ltd. (formerly Baldi, Berg & Wallace, Ltd.).   Prior to establishing the firm in 2000, Mr. Baldi was a partner in the Chicago law firms of Schwartz & Freeman and Rosenthal and Schanfield, P.C., where he served as chairman of bankruptcy and reorganization practice group.   In addition to his experience in private practice, Mr. Baldi spent five years as a staff attorney with the Office of the United States Trustee, a component of the United States Department of Justice.

Mr. Baldi has specialized in insolvency law for over 25 years and has extensive experience in a variety of settings, including bankruptcies, workouts, receiverships and assignments for the benefit of creditors.   He has represented clients in all sectors of the bankruptcy arena, including debtors, bankruptcy trustees, lenders, claimholders and creditor committees.   Mr. Baldi has counseled both individual and corporate debtors in chapter 7, 11, and 13 cases and has significant experience with complex commercial bankruptcies.

In addition to his experience acting as bankruptcy counsel, Mr. Baldi is a long time member of the panel of private bankruptcy trustees appointed by the United States Trustee's Office for the Northern District of Illinois.   In over twenty years as a chapter 7 trustee, Mr. Baldi has liquidated a broad range of business entities, including law firms, real estate ventures, distributorships, retail firms and financial service providers. He has also operated numerous businesses as a chapter 11 trustee, including an aluminum manufacturing facility, a steel mini-mill, and an industrial real estate partnership.

Mr. Baldi is licensed to practice law in the state of Illinois and admitted to practice before the Seventh Circuit Court of Appeals and many federal bankruptcy courts in the Midwest.   He is a member of the Chicago Bar Association, National Association of Bankruptcy Trustees and American Bankruptcy Institute, where he is a frequent lecturer on a variety of bankruptcy topics.

In addition to his legal pursuits, Mr. Baldi is active in municipal affairs in his hometown of Park Ridge, Illinois and currently serves as a commissioner on the city's Planning and Zoning Commission.   Mr. Baldi graduated *cum laude* from the DePaul University College of Law and holds a B.A. in Psychology from Western Illinois University.

## Baldi Berg, Ltd.

**Elizabeth C. Berg**

Elizabeth C. Berg is a partner of Baldi Berg, Ltd., a Chicago area bankruptcy boutique, and has been with the firm since its inception in April, 2000.  Before her affiliation with Baldi, Berg, Mrs. Berg worked at the Chicago law firms of Schwartz & Freeman; Rosenthal and Schanfield; and Weissman, Smolev & Pond.

Mrs. Berg has specialized in bankruptcy law since her admission to the bar in 1989 and has focused her practice in the representation of bankruptcy trustees, primarily in chapter 7 bankruptcies. Since 2010, Mrs. Berg has served on the panel of private bankruptcy trustees appointed by the Office of the United States Trustee for the Northern District of Illinois.    Prior to her graduation from law school, Mrs. Berg spent six years as a legal assistant, focusing her practice in the areas of secured transactions, mortgage lending, and corporate and bankruptcy law.

Mrs. Berg is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois. She is a member of the National Association of Bankruptcy Trustees and the American Bankruptcy Institute.  She is also an active participant in the regional CARE program and delivers credit abuse and financial literacy presentations to area high schools.  She has also been a part-time instructor in the Paralegal Studies Department of Northwestern Business College where she taught introductory law classes to prospective legal assistants.  Mrs. Berg received her Juris Doctor from Loyola University of Chicago School of Law and her certification as a paralegal from Roosevelt University in Chicago, Illinois.  She holds a Bachelor of Arts degree from Brown University in French Language and Culture and studied at La Sorbonne and l'Université de Paris as an undergraduate.

In addition to her legal and academic pursuits, Mrs. Berg has been active in her hometown of Glen Ellyn, Illinois, serving as a Girl Scout Leader for nine years and volunteering in a variety of activities at her church and in the local schools.

**Baldi Berg, Ltd.**                                              **Earl G. Teets, Jr., Debtor**
**Final Fee Application**                                         **Case No. 15-16266**

**Billing Statements**

**Exhibit C**

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

**Phone:** (312) 726-8150
**Fax:**    (312) 470-6323                                                    **FEIN:** 36-4352753

---

***Invoice submitted to:***                                 August 19, 2015
                                                            Invoice No:    02627

Miriam R. Stein
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Ste. 2600
Chicago, IL 60606-7512

**In Reference to:**    *Teets - General Administration*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|------|-------|-------------|-------|---------|
| 5/07/2015 | JAB | Confer with trustee re new case, pending matter before district court for TRO.  Review complaint and motion for TRO.  (2.0)  Attend hearing before District Court re TRO, bankruptcy entry of order agreed on.  Confer with attorney for debtor and attorneys for First Merit re order form, agreement re transfers, follow up.  (1.0)  Meet with trustee to review facts and issues in district court case, bankruptcy case.  Continue review of pleadings and factual allegations.  (2.0) | 5.00 $450.00/ hr | $2,250.00 |
| 5/08/2015 | JAB | Confer with trustee re status of case, issues regarding restraining order, pursuit of avoidable transfers and property of the estate.  (.6)  Teleconference with attorneys for First Merit and Trustee re order draft, proceeding in pending suit, issues for trustee to resolve. (.4) | 1.00 $450.00/ hr | $450.00 |
| 5/08/2015 | JAB | Review district court pleadings by First Merit and Debtor.  (.5) | 0.50 $450.00/ hr | $225.00 |
| 5/11/2015 | JAB | Research on liens in fraudulent conveyance recoveries. (1.5)  teleconference with debtor's attorney re TRO order, status of case, resolution of avoidable transfers. (.6)  Review partnership agreement for Teets Partnership.  (.4)  Teleconference with Factor re status of revised order, issues with debtor re same.  (.4) Teleconference with Trustee re position of parties, | 2.10 $450.00/ hr | $945.00 |

**Baldi Berg, Ltd**

8/19/2015

Teets - General Administration

Page    2

---

trustee's pursuit of claims, options re same.  (.7)

| | | | | |
|---|---|---|---|---|
| 5/12/2015 | JAB | Review and confer with trustee re TRO order.  (.3) Revise order, forward to First Merit counsel for comment. (.4)  Review revised order, confer with trustee and teleconference with D Holdkamp re same. (.4) | 1.10 $450.00/ hr | $495.00 |
| 5/13/2015 | JAB | Review transcript of hearing before Shadur regarding status of complaint and motion for TRO.  (1.0)  Review issues and research re constructive trust, application of same to fraudulent conveyances.  (1.0) | 2.00 $450.00/ hr | $900.00 |
| 5/15/2015 | JAB | Review motion to lift stay.  Confer with trustee re response and issues re same.  (.7)  Review motion to dismiss, argument in support of same.(1.0) | 1.70 $450.00/ hr | $765.00 |
| 5/18/2015 | JAB | Research regarding assignment of lottery proceeds, prohibition on same. | 1.50 $450.00/ hr | $675.00 |
| 5/22/2015 | ECB | Court appearance on First Merit Motion to Dismiss and Motion to Lift Stay (.2) Confer with counsel for debtor and First Merit re timing for dismissal briefing and impact of Trustee election (.1) Confer with Debtor re status and value of  Aurorakirk claim (.1) | 0.40 $325.00/ hr | $130.00 |

|  | |
|---|---|
| Total Fees | $6,835.00 |
| Total New Charges | $6,835.00 |
| Previous Balance | $0.00 |
| Balance Due | $6,835.00 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth C Berg | 0.40 | $325.00 |
| Joseph A Baldi | 14.90 | $450.00 |

**Baldi Berg, Ltd.**
**Final Fee Application**

**Earl G. Teets, Jr., Debtor**
**Case No. 15-16266**

**Rule 2016 Affidavit**

**Exhibit D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Earl G. Teets, Jr., | ) | Case No. 15-16266 |
| | ) | |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |

**Rule 2016 Affidavit**

State of Illinois      )
County of Cook      )

I, Elizabeth C. Berg, being first duly sworn upon oath, do depose and state as follows:

1.      I am a shareholder of Baldi Berg, Ltd. and am authorized to execute this affidavit on behalf of Baldi Berg, Ltd.

2.      I have read the First and Final Application for Allowance and Payment of Compensation of Baldi Berg, Ltd., Attorneys for Elizabeth C. Berg, Interim Trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Baldi Berg, Ltd. has performed the services set forth and described in the Application at the request and pursuant to the direction of the Interim Trustee.

3.      Baldi Berg, Ltd. previously notified Miriam Stein, Chapter 7 Trustee and First Merit Bank of its intent to file the Application and request the relief sought therein.

4.      Baldi Berg, Ltd. has not previously received payment of any compensation for services rendered in connection with this case. Baldi Berg, Ltd. has not entered into any agreement with any other person or persons for the sharing of compensation to be received in connection with this matter, except among the principals and associates of Baldi Berg, Ltd.

5.      Further affiant sayeth naught.

_____
Elizabeth C. Berg

Subscribed and Sworn to before me
this 2nd day of September, 2015

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit D**

**Baldi Berg, Ltd.**                                              **Earl G. Teets, Jr., Debtor**
**Final Fee Application**                                         **Case No. 15-16266**

**2002 Notice to Creditors**

**Exhibit E**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Earl G. Teets, Jr., | ) | Case No. 15-16266 |
| | ) | |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | Hearing Date: September 29, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

To:    *Debtor, All Creditors and Other Parties in Interest*

PLEASE TAKE NOTICE that on September 3, 2015, Baldi Berg, Ltd. attorneys for Elizabeth C. Berg, as interim trustee ("Interim Trustee") of the chapter 7 bankruptcy estate ("Estate") of Earl G. Teets, Jr. ("Debtor") filed its First and Final Application for Allowance and Payment of Compensation as attorneys for the Interim Trustee ("Application") in the above-referenced matter.  A copy of the Application is available for inspection and copying at the offices of the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois  60604, or by requesting a copy from Baldi Berg at the office address indicated below on this notice.

The Application seeks allowance of compensation to Baldi Berg as an administrative expense of the Estate pursuant to Sections 330(a) and 503(b)(2) of the Bankruptcy Code in the amount of **$6,835.00 for 15.30 hours** for actual and necessary professional services rendered to the Interim Trustee in this case from May 7, 2015 through June 1, 2015.  The Application further requests that Miriam Stein, chapter 7 trustee ("Trustee") of the Estate be authorized to pay the amount awarded from the funds in the Estate without further order of the Court.

Objections, if any, to the allowance and/or payment of the compensation requested should be filed with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604 and served upon Baldi Berg at the address indicated on this notice no later than **September 27, 2015.**

A hearing will be held to consider the Application and objections thereto, if any, on **Tuesday, September 29, 2015 at 9:30 a.m. before the Honorable Donald R. Cassling, United States Bankruptcy Judge in Courtroom 619 at 219 South Dearborn Street, Chicago, Illinois  60604**, at which time you may, but need not appear.  If no objections are filed or if no party requests a hearing thereon, the Court may enter its order allowing the compensation requested and authorizing the Trustee to pay such allowance at such time as Trustee in her discretion determines is in the best interests of the Estate.

Dated:  September 3, 2015

Baldi Berg, Ltd.

Attorneys for Elizabeth C. Berg, as interim trustee of the estate of Earl G. Teets, Jr., debtor

By:____/s/_____
         Elizabeth C. Berg

Elizabeth C. Berg/Atty ID 6200886
Baldi Berg, Ltd.
20 N. Clark St.   Suite 200
Chicago, IL  60602
312.726.8150